MARSHALL FIELD et al.

v.

ELIZA J. GEOHEGAN et al.

*Filed at Ottawa May 9, 1888.*

1. INSOLVENT DEBTORS—*preferring creditors—whether allowable.* The act relating to a general assignment for the benefit of creditors, making preferences in favor of particular creditors void, has no application to the case of a debtor who retains the dominion over his property. Such debtor may, if he act in good faith, sell his property, mortgage or pledge it to secure a *bona fide* debt, or create a lien upon it by confessing judgment in favor of a *bona fide* creditor.

2. In this case, the debtor firm, more than thirty days before making a general assignment for creditors, gave to certain creditors notes, with warrants of attorney for the confession of judgments thereon. The judgments were not, however, entered until the day of the assignment. Executions were placed in the officer's hands just before the execution and recording of the assignment. There was no question made as to the validity and sufficiency of the consideration of the judgment notes, and the debtors, at the time of giving such notes, were not contemplating making an assignment: *Held,* that the lien of the executions issued upon the judgments was prior to that of the assignee or the other general creditors.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. FRANK P. LEFFINGWELL, for the plaintiffs in error:

The Assignment act is a remedial law. Sedgwick on Stat. and Const. Law, 41; Potter's Dwarris, 73.

Construction of remedial act: *Railroad Co.* v. *Dunn,* 52 Ill. 260; *Conkling* v. *Ridgely,* 112 id. 36; Potter's Dwarris, 73, 74, 231-233, 244; *Dean of York* v. *Middleburgh,* 2 Y. & J. 196.

The entry of the judgments by confession, and the delivery of the executions to the sheriff, were a fraud upon the Assignment law. *Hahn* v. *Salmon,* 20 Fed. Rep. 801, and cases cited,—cited in *Preston* v. *Spaulding,* 120 Ill. 208; *Receivers*

v. *Savings Bank*, 10 N. J. Eq. 13; Kerr on Fraud and Mistake, 288; "*The Wm. King*," 2 Wheat. 148,—cited in *Lee* v. *Lee*, 8 Pet. 50; *Buchanan* v. *Smith*, 16 Wall. 307; *Wilson* v. *City Bank*, 17 id. 473; *Bock* v. *Perkins*, 28 Fed. Rep. 122; *Parsons* v. *Caswell*, 1 id. 74.

The entry of the judgments, levying of the executions, and making of the deed of assignment, must be construed to be part and parcel of the same transaction. *Preston* v. *Spaulding*, 120 Ill. 205, and cases cited; *Berry* v. *Cutts*, 42 Maine, 445; *Perry* v. *Holdem*, 22 Pick. 269; *Holt* v. *Bancroft*, 30 Ala. 193; *Livermore* v. *McNair*, 34 N. J. Eq. 478.

The law will not permit that to be done indirectly which can not be done directly. That which violates the policy of a statute is as much condemned as if it violated the letter. The law no more tolerates an evasion of a statute by artifice, than a palpable violation of it. *Holt* v. *Bancroft*, 30 Ala. 193. See, also, *Livermore* v. *McNair*, 34 N. J. Eq. 478; *Downing* v. *Kintzwig*, 2 S. & R. 335; *United States* v. *King*, Wall. C. C. 13; *Oates* v. *National Bank*, 10 Otto, 239.

Messrs. ABBOTT & BAKER, for the defendants in error:

The rights of the parties became fixed at the time the warrants of attorney were given. *Farwell* v. *Jones*, 63 Iowa, 316; *Nelson* v. *Gary*, 15 Neb. 531; *Perry* v. *Vezina*, 63 Iowa, 25; *Van Patten* v. *Marks*, 55 id. 224; *Dodd* v. *Hill*, 21 Kan. 707.

An insolvent debtor, while he retains control of his property, may prefer a creditor, provided it is not part of a scheme to make a general assignment. *Preston* v. *Spaulding*, 120 Ill. 208.

The entry of the judgments in favor of the creditors was not the act of the insolvents. *Clark* v. *Iselin*, 21 Wall. 360.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Section 13 of the act concerning voluntary assignments provides, that "every provision in any assignment hereafter made in this State, providing for the payment of one debt or liability

in preference to another, shall be void; and all debts and liabilities within the provisions of the assignment shall be paid *pro rata,* from the assets thereof." In *Preston* v. *Spaulding,* 120 Ill. 210, in passing upon this section of the statute, we held, that after a debtor has made up his mind to make an assignment, and has entered upon that determination, all conveyances, transfers, and other dispositions of his property, made in view of the intended general assignment, whereby any preference is given, will, in a court of equity, be declared void. But in the same case it was also held, that the act does not interfere with the action of the debtor while he retains the dominion of his property. He may, in good faith, sell his property, mortgage or pledge it to secure a *bona fide* debt, or create a lien upon it by operation of law,—as, by confessing a judgment in favor of a *bona fide* creditor. Under the construction placed upon the statute in the case cited, there can be no doubt in regard to the validity of the notes and warrants of attorney upon which the judgments involved in this case were confessed. The validity of the consideration is not disputed or called in question. The notes and warrants of attorney authorizing confession of judgments were executed and delivered more than thirty days before the assignment was executed, and at the time the notes and warrants of attorney were executed, W. S. Geohegan & Co., who executed them, had no thought of making an assignment for the benefit of creditors. It will be remembered, that the clause of the statute prohibiting a preference is, that every provision in any assignment hereafter made, providing for the payment of one debt in preference to another, shall be void. Unless, therefore, these notes and warrants of attorney are to be held as a part of the assignment, there is no ground for holding them illegal and void, within the meaning of the act; and how can they be held to be a part of the assignment when executed more than thirty days before the assignment, and when the assignment was not within the contemplation of the parties?

But it is said, the exercise of the authority to confess the judgments was delayed until the creditors holding the warrants of attorney became fully advised of the debtor's intention to make an assignment, and thus the use of the warrants of attorney was a fraud upon the Assignment law. It is true, that judgments were not entered on the warrants of attorney until January 8, 1886,—the same day the assignment was made,—and that executions were only issued and delivered to the sheriff a short time before the assignment was executed and filed for record. But the debtors had nothing to do with the entry of judgments. They did not dictate or determine the time when judgments should be entered. After the warrants of attorney were executed, the creditors holding them as a security for their debts, and they alone, had the right to determine when judgments should be confessed, and the fact that they delayed until they saw there was danger of losing their debts unless judgments should be entered before the debtors made an assignment, does not militate against their acts. A creditor always has a right to take every precaution to save or secure his debt, and the fact that he delays until the debtor may be on the eve of bankruptcy, is no argument against the good faith of his acts. Had the warrants of attorney under which the defendants in error obtained priority, been executed after the debtors contemplated an assignment, and on the eve of an assignment, then they might be regarded as a part of the assignment, and obnoxious to the statute. But such was not the case.

*Clark* v. *Iselm*, 21 Wall. 360, is a case where it is held that a judgment confessed on a warrant of attorney executed prior to insolvency, does not constitute an illegal preference.

We fully concur in the decision of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*